UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBRAHIM ALI KOUSSAN,

    Petitioner,

vs.                                           Case No. 15-12827

DEPARTMENT OF HOMELAND          HON. AVERN COHN
SECURITY, et al.,

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

I.  Introduction

This is a habeas case under 28 U.S.C. § 2241 challenging detention pending removal from the United States. Petitioner Ibrahim Ali Koussan (Koussan) is suing the Department of Homeland Security and other state and federal officials (collectively, the government) contending that his detention pending execution of a removal order is unconstitutional.

For the reasons that follow, the petition will be granted. Koussan will be released under conditions set forth in a subsequent order. In the interim, Koussan will remain in custody.

II.  Background

Koussan, a native of Lebanon, was admitted to the United States as a lawful permanent resident in April 1980 at the age of 8. Years later, on August 17, 1992, he was convicted in this district, following a guilty plea, of distribution of cocaine, in violation

of 21 U.S.C. § 941(a)(1).  <u>United States v. Koussan</u>, 92-80817 (E.D. Mich.)  He was sentenced to 15 months imprisonment.  In 1996, the INS initiated deportation proceedings against him, which resulted in issuance of an Order to Show Cause charging Koussan as subject to deportation under 8 U.S.C. § 1231(a)(2)(I) (INA § 241(a)(2)(I)) and requiring his appearance in immigration court for deportation proceedings.

On August 27, 1997, the INS notified Koussan of an additional charge of deportability under 8 U.S.C. § 1231(a)(3)(B)(iii) (INA § 241(a)(3)(B)(iii)), based on an October 24, 1996 conviction in this district for the offense of False Statement on Document Required by Immigration Laws, in violation of 18 U.S.C. § 1546.  <u>United States v. Koussan</u>, 95-81195 (E.D. Mich.).  In this case, he was sentenced to 6 months imprisonment.

On April 28, 1998, the immigration judge sustained the charges and ordered Koussan deported to Lebanon on April 28, 1998.  Koussan appealed.  The Board of Immigration Appeals (BIA), h remanded the case to the immigration court for consideration of relief under 8 U.S.C. § 1182(c) (INA §212(c)).  On remand, the immigration judge denied the requested relief and again ordered Koussan deported to Lebanon on December 23, 2005.  The BIA dismissed Koussan's appeal of that order.  Id.  Koussan appealed to the Court of Appeals for the Sixth Circuit.  The Sixth Circuit granted Koussan's request for a stay of removal while it considered his petition for review of his deportation order, <u>Koussan v. Mukasey</u>, 07-4107.  The Sixth Circuit later denied the petition on February 12, 2009 and subsequently denied his request for rehearing en banc.  <u>Koussan v. Mukasey</u>, 07-4107 (6th Cir. Feb. 12, 2009).

In November 2009, Koussan was granted "Deferred Action," which expired in February 2014.

On January 14, 2015, ICE took Koussan into custody and began efforts to obtain a travel document from Lebanon for his deportation.

On February 13, 2015, Koussan filed a motion to reopen, request for stay of removal, and a Form I-589 Application for Asylum and Withholding of Removal with the BIA. On March 31, 2015, the BIA denied the motion to reopen as untimely and not subject to any exception for untimeliness.

On April 3, 2015, following Koussan's 90-day post-order custody review, ICE issued its Decision to Continue Detention while the agency continued its efforts to obtain a travel document for Koussan.

On April 30, 2015, Koussan filed a petition for review of the BIA's denial of his motion to reopen and a motion for stay of removal in the Sixth Circuit. The Sixth Circuit granted Koussan's motion for stay on May 14, 2015. Koussan v. Lynch, 15-3463 (6th Cir. May 14, 2015). In granting the stay, the Sixth Circuit said in part that "Koussan's evidence was not previously available and indicates a change in conditions in Lebanon material to his claim and properly supports his motion to reopen." Id. The appeal is in the briefing stages.

On August 11, 2015, Koussan filed the instant petition. After the filing, ICE conducted another post-order custody review and issued a second Decision to Continue Detention on August 31, 2015, on the basis, at least "in part" that ICE has obtained a travel document for Koussan.

III. Legal Standard

3

An alien's detention pending execution of a final deportation order is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this section, the Attorney General is provided a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal. Id. § 1231(a)(1) (A)-(B). During this ninety-day period, Congress has mandated the alien's detention. Id. § 1231(a)(2). After the expiration of the ninety-day removal period, the Attorney General may continue to detain "inadmissible or criminal aliens":

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

Id. § 1231(a)(6).

Nevertheless, in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that an alien's detention pending removal pursuant to § 1231(a)(6) may not continue indefinitely, but only for "a period reasonably necessary to secure removal." Id. at 699–701, 121 S.Ct. at 2504–05. The Supreme Court concluded that six months from the entry of a final detention order is a presumptively reasonable period of time for the government to effect removal. Id. at 701, 121 S.Ct. at 2505. After six months, however, release is not mandatory. Instead, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Release still is not mandatory if the government responds "with evidence sufficient to rebut that showing." Id. The

4

Supreme Court indicated that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

## IV. Analysis

There is no dispute that the presumptive six months detention period has passed. The question then becomes under Zadvydas whether Koussan has articulated a good reason to believe that there is "no significant likelihood of removal in the reasonably foreseeable future." Koussan has done so. He has an appeal pending in the Sixth Circuit. The Sixth Circuit has stayed his removal pending the outcome of the appeal, finding Koussan presented a claim that showed at least some likelihood of success on the merits. The appeal is in the briefing stages; it is not known when it will be resolved. Indeed, if Koussan prevails in the Sixth Circuit, his case will be sent back to the BIA for further proceedings. In short, there is no reason to believe that Koussan will be removed to Lebanon in the foreseeable future.

However, the government has responded with "evidence" to rebut Koussan's showing. The government relies on ICE's recent determination to detain Koussan because "ICE is in possession of a travel document" to effect Petitioner's removal to Lebanon. The government also relies on the Declaration of ICE Deportation Officer Aaron Lutton who states that based on his experience in removing aliens, Koussan's deportation is significantly likely to occur in the reasonably foreseeable future. See Govt's Ex. E: Lutton Declaration at ¶ 9.

The government's evidence does not carry the day. Even though ICE has a travel document to remove Koussan, ICE cannot act on that document due to the stay

of removal by the Sixth Circuit and Koussan's pending appeal. Until such time as stay is lifted, which is unknown, Koussan cannot be removed. Under these circumstances, he faces detention for an unknown period of time. Zadvydas prohibits such continued detention.

Finally, the government cites a number of cases to support its argument that Koussan's continued detention is lawful under Zadvydas. The government says:

> ICE has a travel document for him and. Koussan has made no showing, as required under Zadvydas, to the contrary. Therefore, his continued detention is lawful. See, e.g., Joseph v. Holder, 2011 WL 2893070, *2 (E.D. Mich. July 20, 2011) (Duggan, J.); Svay v. Baker, 2011 WL 2682896, *2 (E.D. Mich. July 11, 2011)(Cox, J.); Dong v. Adducci, 2011 WL 2619063, *3 (E.D. Mich. June 29, 2011)(Zatkoff, J.); Moore v. ICE, 2009 WL 3568638, *2 (E.D. Mich. Oct. 30, 2009)(O'Meara, J.).

The Court has reviewed the cases cited. While all of the cases involve petitioners who were subject to a final order of removal who had been detained beyond six months and involved travel documents, none of the cases involve the situation where removal has been stayed by the Sixth Circuit pending appeal. In Joseph, the government secured a travel document for the petitioner to be returned to Haiti and ICE confirmed that petitioner would be placed on a flight in the foreseeable future. In Svay, the government offered evidence that the Cambodian government would be issuing a travel document for the petitioner within a reasonably short time period. In Dong, the government offered evidence that China would be soon be issuing a travel document and that petitioner was a flight risk because he attempted to flee during his arrest by ICE. In Moore, the petitioner did not comply with the removal order because he failed to cooperate in completing the paperwork to obtain a travel document for Ghana; his continued detention was due to his actions, not the government's.

V.  Conclusion

For the reasons stated above, the petition is GRANTED.  Petitioner shall be released from custody under conditions set forth in a subsequent order.

SO ORDERED.


                                  S/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

Dated: October 16, 2015
       Detroit, Michigan